IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

THOMAS E. PEREZ,
SECRETARY OF LABOR,
UNITED STATES DEPARTMENT OF LABOR,

        Plaintiff,

vs.                                        Case No. 15-mc-401-SAC

DAVID O. ALEGRIA,

        Defendant.

## MEMORANDUM AND ORDER

This is an action to enforce an administrative subpoena issued by the Department of Labor to "Custodian of the records, David Alegria, Cilantros Mexican Bar & Grill, LLC, d.b.a. Cilantro's Mexican Bar & Grill, 14440 F Street, Omaha NE 68137 AND Managua, LLC, d.b.a. Cilantro's Mexican Bar & Grill, 646 N 114th St, Omaha NE 68154." This matter is now before the court upon a report and recommendation issued by United States Magistrate Judge Sebelius. Doc. No. 9. The report and recommendation considers arguments respondent made in a document titled a "motion to quash subpoena, motion to dismiss and response to show cause order." Doc. No. 6. It is recommended

1

that this motion be denied and that the petition to enforce the subpoena be granted.[1]

Respondent has filed objections to the report and recommendation. Doc. No. 11. The objections repeat the arguments respondent made in his motion to quash and make some new arguments. This court must engage in a de novo review of any part of the report and recommendation to which there has been a proper objection. FED.R.CIV.P. 72(b)(3).

I. BACKGROUND

The petition alleges that plaintiff seeks to enforce an administrative subpoena duces tecum issued by the Regional Administrator of the Midwest Region, Wage and Hour Division of the United States Department of Labor. The petition states that the subpoena was issued in the course of an investigation of two LLCs doing business as Cilantro's Mexican Bar & Grill in Omaha, Nebraska. Plaintiff is investigating for violations of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq. According to the petition, respondent has a one-third ownership interest in each LLC. This is substantiated by an affidavit. Doc. No. 1-1 at pp. 1-2. Plaintiff alleges that respondent lives in Kansas and was served with the subpoena in Kansas. The subpoena

---

[1] The Magistrate Judge also considered a request from plaintiff to enter an order tolling the running of the applicable statute of limitations from October 10, 2014. It was recommended that this request be denied without prejudice. There has been no objection made to this recommendation.

seeks deposition testimony and documents which, according to the petition, plaintiff has repeatedly requested and respondent has failed or refused to provide. Doc. No. 1 at p. 9.

II. STANDARDS

Pursuant to 29 U.S.C. § 209, the Department of Labor has the same powers and duties relating to the testimony of witnesses and production of documents via administrative subpoenas as are possessed by the Federal Trade Commission under 15 U.S.C. § 49. See Oklahoma Press Pub. Co. v. Walling, 327 U.S. 186, 189 (1946). Under the broad provisions of § 49, the Commission "shall at all reasonable times have access to, for the purpose of examination, and the right to copy any documentary evidence of any person, partnership, or corporation being investigated or proceeded against; and the Commission shall have power to require by subpoena the attendance and testimony of witnesses and the production of all such documentary evidence relating to any matter under investigation."

The court has a limited role in considering a challenge to the enforcement of an administrative subpoena; the court considers whether the subpoena is for a lawful purpose, whether the documents requested are relevant to that purpose, and whether the demand is reasonable. See Linde Thomson Langworthy Kohn & Van Dyke, P.C. v. Resolution Trust Corp., 5 F.3d 1508,

3

1513 (D.C.Cir. 1993); Resolution Trust Corp. v. Greif, 906 F.Supp. 1457, 1463-64 (D.Kan. 1995). The court may also consider whether the administrative prerequisites for the issuance of a subpoena have been satisfied. See Martin v. Gard, 811 F.Supp. 616, 620 (D.Kan. 1993)(citing SEC v. Blackfoot Bituminous, Inc., 622 F.2d 512, 514 (10th Cir. 1980)). Under FED.R.CIV.P. 81(a)(5), the Federal Rules of Civil Procedure apply to proceedings to compel testimony or the production of documents through an administrative subpoena issued by a federal agency except as provided otherwise by statute, local rule or court order.

III. RESPONDENT'S ATTORNEY-CLIENT PRIVILEGE OBJECTION SHALL BE DENIED.

The first argument from respondent which was considered by the Magistrate Judge is that the information sought pursuant to the subpoena is protected by attorney-client privilege. Respondent is counsel for the LLCs under investigation as well as part owner of the LLCs. The Magistrate Judge has recommended that this argument be overruled for the following reasons.

First, the Magistrate Judge stated that respondent's claim of attorney-client privilege appears to be limited to the subpoena's demand to depose respondent. Respondent's objections to the report and recommendation do not expressly deny this. Indeed, the objections often assert that respondent or the LLCs

have offered the documents requested by the subpoena. E.g., Doc. No. 11 at p. 2.

Second, the Magistrate Judge stated that respondent has not described the nature of any documents withheld on privilege grounds and has failed to supply the court with a privilege log to better describe the documents which respondent alleges are privileged. Respondent's objections do not respond to this point.

Third, the Magistrate Judge held that as a member of the LLCs that operate the restaurants, respondent was reasonably likely to possess discoverable information and that his role as an attorney did not provide a blanket privilege against deposition or document discovery. In support of this point, the judge cited examples of where depositions were allowed of counsel of record as fact witnesses[2] and noted that, in general, the Rules of Civil Procedure do not exempt attorneys from being the source of discoverable facts. Respondent's objections do not demonstrate an error in this analysis. Respondent merely cites the general purpose behind the privilege and the requirements for invoking the attorney-client privilege without demonstrating how those requirements are met here.

---

[2] E.g., Fugett v. Security Transp. Servs., Inc., 2015 WL 419716 *4 (D.Kan. 2/2/2015); Kannaday v. Ball, 2013 WL 3820013 *3-4 (D.Kan. 7/24/2013); United Phosphorus, Ltd. v. Midland Fumigant, Inc., 164 F.R.D. 245, 248-50 (D.Kan. 1995).

5

Respondent's motion to quash and objections to the report and recommendation present a blanket claim of attorney-client privilege which is inconsistent with FED.R.CIV.P. 26(b)(5). It is also disfavored under case law. In re Grand Jury Witness, 695 F.2d 359, 362 (9th Cir. 1982)(blanket assertions of attorney-client privilege in response to a subpoena duces tecum are "extremely disfavored"); Kemp v. Hudgins, 2013 WL 4857771 *2 (D.Kan. 9/10/2013)(blanket claims of attorney-client privilege do not satisfy the objecting party's burden of proof); Linnebur v. United Telephone Ass'n, 2012 WL 1183073 *3 (D.Kan. 4/9/2012)(rejecting blanket claim of attorney client privilege directed to production request for email documents); McBride v. Medicalodges, Inc., 250 F.R.D. 581, 587 (D.Kan. 2008)(rejecting blanket assertion of attorney-client privilege to general topic of deposition unless the topics on their face call for invasion of the privilege); Miller v. Union Pacific R. Co., 2008 WL 4724471 *6 (D.Kan. 10/242008)(same); Williams v. Sprint/United Management Co., 2006 WL 266599 *4 (D.Kan. 2/1/2006)(rejecting blanket claim to attorney-client privilege which fails to establish that documents are confidential substantive communications that involve requesting or providing legal advice). The court is not convinced from respondent's blanket arguments and record before it that the enforcement of the administrative subpoena should be denied on the basis of

6

attorney-client privilege or respondent's status as the businesses' counsel.

IV. RESPONDENT IS A PROPER PARTY.

Another argument presented to the Magistrate Judge in respondent's motion to quash or dismiss is that the real parties in interest are the Nebraska LLCs and, therefore, respondent should not be the target of the subpoena. The Magistrate Judge rejected this argument finding that respondent, "as one of the members of the LLCs that own the restaurants subject to the investigation" was a reasonable target for a subpoena seeking information relevant to a wage-and-hour investigation of the restaurants. Doc. No. 9 at p. 10. Respondent asserts though that plaintiff has not sufficiently demonstrated that respondent has control over the documents sought through the subpoena.

Respondent does not deny that he is an owner of the LLCs under investigation. He asserts that he is an attorney for the LLCs and he further asserts that he has provided documents to plaintiff on behalf of the LLCs. Under these circumstances, the court finds there is sufficient proof that respondent has control over the requested documents and may provide relevant testimony.

As the Tenth Circuit has stated: "the moving party is charged with establishing possession, custody and control . . . [b]ut records which are normally kept in the business of the

7

party . . . are presumed to exist, absent a sworn denial, and a prima facie case of control is all that must be established to justify issuance of the order [enforcing the subpoena]." Norman v. Young, 422 F.2d 470, 472-73 (10th Cir. 1970). "'[C]ourts have universally held that documents are deemed to be within the possession, custody or control if the party has actual possession, custody or control or has the legal right to obtain documents on demand.'" Noaimi v. Zaid, 283 F.R.D. 639 (D.Kan. 2012)(quoting Ice Corporation v. Hamilton Sundstrand Corp., 245 F.R.D. 513, 516-17 (D.Kan. 2007)). "'Control'" comprehends not only possession of the documents, but also the right, authority, or ability to obtain them." Tank Connection, LLC v. Haight, 2015 WL 3514830 *6 (D.Kan. 6/4/2015). Under K.S.A. 17-7690(a)(6), a member of a LLC has the right, "subject to reasonable standards" to obtain information from the LLC "regarding the affairs of the limited liability company as is just and reasonable." The court finds that plaintiff has made a satisfactory showing that respondent, as one of the owners of the LLCs, has control of the documents in question and may provide relevant testimony. This is sufficient for respondent to be considered a "custodian" of LLC documents. See In re Sealed Case, 877 F.2d 83, 86 (D.C.Cir. 1989) cert. denied, 493 U.S. 1044(1990)(CEO and major shareholder of corporation is a custodian of records); In re Grand Jury Subpoena Dated Nov. 12,

1991, 792 F.Supp. 1423, 1427 (S.D.Fla. 1992)(former CEO and Chairman of the Board is a custodian of records).

V.   THE ORDER TO SHOW CAUSE WAS PROPERLY SERVED.

The third argument addressed by the Magistrate Judge has to do with the service of an order for respondent to show cause why the petition to enforce the subpoena should not be granted. The order to show cause (which was issued by Magistrate Judge Sebelius) directed in part that:

> Within fourteen (14) days from the date of this order, an Investigator from the Wage and Hour Division, U.S. Department of Labor, shall serve copies of this Order to Show Cause and a copy of the Petition and supporting documents on Respondent Mr. Alegria, and Petitioner shall file proof of service thereafter.

Doc. No. 2 at p. 2. The proof of service (Doc. No. 3) filed by plaintiff thereafter showed that the copies of the documents were left with the receptionist at respondent's law office and that copies were sent via overnight delivery to respondent at his office address and signed for by respondent's receptionist.

Respondent argues that the order to show cause required personal service, not service upon the receptionist or service via overnight delivery. The Magistrate Judge has disagreed with respondent's objection noting among other points that the order to show cause does not expressly require personal service.

The court is not convinced that there has been an abuse of the court's processes or any other service error which should

interfere with the enforcement of the subpoena. The record reflects that respondent was personally served with the subpoena. Doc. No. 1-3. Respondent has been served, although not by personal service, with the order to show cause. Service of the order to show cause at defendant's office and via overnight delivery is consistent with Rule 5 of the Federal Rules of Civil Procedure. Rule 5(b)(2)(B) permits service of a pleading by leaving the paper at the person's office with a clerk or other person in charge.

Respondent has cited many cases which require personal service and not service, for instance, upon an office receptionist. But, these cases do not concern the service of an order to show cause in a proceeding to enforce an administrative subpoena.[3] The court believes the service procedures employed in this case are consistent with the law and do not abuse court processes. Indeed, Rule 81 permits the court to modify the application of the other rules of civil procedure in a proceeding to enforce an administrative subpoena. Thus, compliance with the court's order regarding service of the order to show cause is sufficient to comply with the law. See

---

[3] In respondent's reply in support of his motion to quash or dismiss (Doc. No. 8), respondent makes reference to MAC Funding Corporation v. ASAP Graphics, Inc., 2009 WL 1564236 (S.D.Fla. 6/3/2009) where the court discusses the requirement for personal service of a subpoena for a deposition under FED.R.CIV.R. 45. This case does not involve the question here which is the type of service required for an order to show cause issued in connection with a petition to enforce an administrative subpoena.

10

National Labor Relations Board v. D.L. Baker, Inc., 166 F.3d 333 at *3 (4th Cir., unpublished, 12/1/1998)(rejecting argument that service of order to show cause was insufficient because it did not comply with Rule 4). Even if there was error, the court believes it should be considered harmless because it did not affect respondent's substantial rights. See FED.R.CIV.P. 61; see also, U.S. v. Markwood, 48 F.3d 969, 981 (6th Cir. 1995)(rejecting claim regarding time period for service of petition for enforcement of civil investigative demand because any error did not violate respondent's substantial rights). This is consistent with the court's limited role in reviewing the enforcement of administrative subpoenas.

VI.   THIS COURT IS A PROPER VENUE.

The next issue considered in the report and recommendation is venue. Respondent has argued that the general venue statute controls this matter and that under that provision the District of Nebraska is the proper venue for this action. Respondent's argument, however, is based upon a misconception of this proceeding. This is not a case litigating a claim under the Fair Labor Standards Act against the Nebraska LLCs. It is a proceeding to enforce an administrative subpoena issued to a Kansas resident regarding the production of documents, some of which may be located in Kansas.

It appears clear that this court is an appropriate venue, either under the authority of 15 U.S.C. § 49 as incorporated by 29 U.S.C. § 209, or under the general venue statute, 28 U.S.C. § 1391(b), if that statute is applicable. Section 49 grants to "[a]ny of the district courts of the United States within the jurisdiction of which such inquiry is carried on" the authority to enforce subpoenas. This language has been described as a "special grant of jurisdiction, [as well as] venue to that court or those courts sitting in the district or districts in which the inquiry is being conducted." F.T.C. v. Browning, 435 F.2d 96, 99 (D.C.Cir. 1970); see also, N.L.R.B. v. Line, 50 F.3d 311, 314 (5th Cir. 1995)("Every court that has addressed the subpoena enforcement provisions for . . . federal agencies [with similar statutes] . . . has concluded that venue and jurisdiction are synonymous for these statutes"). An "inquiry" may be carried on in more than one place. U.S. Internat'l Trade Com'n v. ASAT, Inc., 411 F.3d 245, 250 (D.C.Cir. 2005). In other cases, courts have found that agency subpoenas are enforceable in a district different from where the violation under investigation occurred. N.L.R.B. v. Cooper Tire & Rubber Co., 438 F.3d 1198, 1202 (D.C.Cir. 2006)(citing four other cases). "[T]he place where the subpoena is returnable is not determinable of the place of inquiry." ASAT, 411 F.3d at 249. Furthermore, there may be more than one place of inquiry. Id. at 250. "The test for when

12

an inquiry is being undertaken in a particular place is whether the place and activities occurring there bear a reasonable relation to the subject matter of the investigation. Id. at 249. Relevant factors to consider are the place of hearing, the place where the subpoenas were issued, where the agency's correspondence emanated, the place where actions under investigation occurred, the location of the documents and witnesses, and the locations of the headquarters of the subpoenaed company. Id. These factors are considered under the general framework of deciding whether the location bears a sufficiently reasonable relation to the subject matter of the investigation and whether the agency's choice of the location for enforcement exceeds the bound of reasonableness. Cooper Tire, 438 F.3d at 1201.

This is the district where respondent, a member of the LLCs under investigation, lives and where some of the requested documents may be present. Although other factors favor venue in the District of Nebraska, the District of Kansas has a reasonable relation to the subject matter of the investigation and the District of Kansas is not an impractical forum. Therefore, this may be considered a district where an "inquiry" is being conducted and where venue is proper.

It appears that the general venue provisions of 28 U.S.C. § 1391(b) do not determine proper venue where venue is otherwise

13

provided for under 15 U.S.C. § 49 as incorporated by 29 U.S.C. § 209. See Line, 50 F.3d at 314. If, however, the general venue provisions did apply, it appears that this court would be a proper venue for this action since those provisions set forth that a civil action may be brought in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located." This is further support for the reasonableness of this forum.

VII. THIS MATTER IS NOT MOOT.

The last argument respondent made in his motion to quash or dismiss is that this matter is moot because the "employer" in this matter has provided plaintiff with documents, information and access to its employees for interviews. Respondent complains in his objections that plaintiff has not acknowledged the information supplied by the "employer" and has not responded to questions designed to clarify what additional information plaintiff seeks beyond what has already been supplied. Plaintiff has rejoined that respondent has failed to produce such requested documents as: documents showing the hours worked each workday and total hours worked each workweek for each employee in 2012, 2013, and 2014. In addition, respondent has not produced himself to be deposed. And, respondent has opposed providing requested information regarding other business ownership interests.

14

Compliance with an administrative subpoena renders an enforcement action moot. <u>Office of Thrift Supervision v. Dobbs</u>, 931 F.2d 956, 957 (D.C.Cir. 1991). Here, it is clear that respondent has not completely complied with the subpoena by making himself available for a records deposition. Respondent directed a motion to quash to plaintiff prior to the petition in front of this court. The motion to quash refused to answer questions regarding the ownership of the LLCs and other businesses owned by those owners. This continues to be respondent's position. Doc. No. 11 at p. 18. The sworn evidence before the court from respondent also indicates that respondent has supplied "records requested" but not that <u>all</u> the records requested have been made available. See Doc. No. 5-1. Under these circumstances, the court agrees with the Magistrate Judge that this matter cannot be dismissed as moot.

VIII. RESPONDENT HAS NOT MADE A TIMELY AND SUFFICIENT OBJECTION TO THE SUBPOENA'S LAWFUL PURPOSE, RELEVANCE, AND REASONABLENESS.

In respondent's objections, respondent asserts that plaintiff has failed to establish at least a suspicion that the law has been violated by the LLCs, or that the information sought is reasonably relevant to plaintiff's inquiry - - in other words, respondent claims a "fishing expedition." Doc. No. 11 at pp. 3-4. These appear to be new arguments which were not presented in respondent's motion to quash or to dismiss. The

arguments should be rejected for that reason alone.  See ClearOne Communications, Inc. v. Biamp Systems, 653 F.3d 1163, 1185 (10th Cir. 2011); Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996).

The arguments also lack substantive merit given the court's limited role in review, and plaintiff's broad investigative authority as established in several cases.  In United States v. Morton Salt Co., 338 U.S. 632, 642-43 (1950), the Court held that an administrative agency is entitled to broad deference in investigating possible legal violations.  An administrative agency is not required "to make any factual showing that a law has been violated as a condition precedent to enforcement" of a subpoena.  Donovan v. Shaw, 668 F.2d 985, 989 (8th Cir. 1982).  Put differently, an administrative subpoena must be enforced if the information sought is "'not plainly incompetent or irrelevant to any lawful purpose' of the [agency]."  FTC v. Texaco, Inc., 555 F.2d 862, 872 (D.C.Cir.) cert. denied, 431 U.S. 974 (1977)(quoting Endicott Johnson Corp. v. Perkins, 317 U.S. 501, 509 (1943)).  Plaintiff is authorized to investigate merely because the agency seeks assurance that the law is not being violated (Morton Salt Co., 338 U.S. at 643), and our role is not to decide the best way for plaintiff to carry out the agency's responsibilities.  See U.S. v. California Rural Legal Assistance, Inc., 824 F.Supp.2d 31, 40 (D.D.C. 2011) partially

vacated on other grounds 722 F.3d 424 (D.C.Cir. 2013). The agency's own consideration of relevance should be accepted unless it is "'obviously wrong.'" FTC v. Carter, 636 F.2d 781, 788 (D.C.Cir. 1980)(quoting Texaco, 555 F.2d at 877 n. 32). The requested material is relevant if it merely "'touches a matter under investigation.'" Sandsend Financial Consultants, Ltd. v. Federal Home Loan Bank Bd., 878 F.2d 875, 882 (5th Cir. 1989)(quoting EEOC v. Elrod, 674 F.2d 601, 613 (7th Cir. 1982)). Thus, in Sandsend, the court approved the enforcement of an administrative subpoena although the respondent had only "a tangential relationship" to the target of the agency's investigation. Id.

Here, the court also finds that there has been a sufficient showing of the relevancy of the documents and testimony requested in the subpoena. Respondent's major objection appears to concern questions regarding other business interests of the owner/members of the LLCs under investigation. Plaintiff contends that these questions could reveal other businesses with similar pay practices or businesses that share employees with the LLCs. This is a sufficient explanation of the relevance of that line of questioning.

IX. CONCLUSION

In conclusion, consistent with the text of this memorandum and order, the court shall adopt the report and recommendation

of the Magistrate Judge, deny respondent's motion to quash or dismiss (Doc. No. 6), and direct that respondent testify and produce the records requested by the subpoena at a reasonable time and place determined by the plaintiff.

**IT IS SO ORDERED.**

Dated this 11th day of August, 2015, at Topeka, Kansas.


s/Sam A. Crow
Sam A. Crow, U.S. District Senior Judge